8-24-2015

Fourth Court of Appeals
300 Dolorosa, Ste 3200
San Antonio, TX 78205-3037

RE: Court of Appeals No. 04-15-00068-CV
STYLE: John McDonough

v.

Perla Dominguez, and
Kevin Narata

Please find enclosed, two copies of Appellant Reply Brief.

Thank-you!

John McDonough, prose
John McDonough
Duncan Unit 1895073
1502 South 1st St
Diboll, TX 75841

IN THE
AT SAN ANTONIO, TEXAS
2015 AUG 27 PM 1:26
KEITH E. HOTTLE, CLERK
Keith E. Hottle

CAUSE NO. 04-15-00068-CV

FOURTH COURT OF APPEALS

SAN ANTONIO, TX


JOHN M DONOHUE

APPELLANT

V

PERLA DOMINGUEZ AND KEVIN NARATA

APPELLEES

IN THEIR INDIVIDUAL CAPACITIES


APPEALED FROM THE 57TH JUDICIAL DISTRICT

BEXAR COUNTY, TX


APPELLANTS REPLY BRIEF


JOHN M DONOHUE, PRO SE

DUNCAN UNIT 1885073

1502 SOUTH 1ST 50

D. BELL, TX 75841

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS
2015 AUG 27 PM 1:26
KEITH E. HOTTLE, CLERK
Keith E. Hottle


APPELLANT DOES NOT REQUEST ORAL ARGUMENT.

Index of Parties

Appellant

John M. Dononia, Pro se

Duncan Unit 1855073

1532 South 1st St

Diboll, TX 75941


Appellee's Counsel

Mark Kosanovich SBN 00788754

P.O. Box 831121

San Antonio, TX 78283-1121


Appellee's

Perla Dominguez

Kevin Nakata

# TABLE OF CONTENTS

Index of Parties ............................................................ i

Table of Contents .......................................................... ii

Index of Authorities ....................................................... iii

Statement Regarding oral Arguments ......................................... vi

Issues Presented ........................................................... v

Summary of The Argument .................................................... 1

Argument ................................................................... 1

Conclusion ................................................................. 3

Prayer ..................................................................... 4

Certificate of Service ..................................................... 5

# Index of Authorities

## Cases

Alexander v Walker, 435 SW3d 789 (Tex 2014) — 2

Andrade v Juit Brakes, 145 SW3d 717 (Tex App-Austin 2004) — 2

City of Houston v Jenkins, 363 SW3d 808 (Tex. App- Houston
[14 Dist] 2012) — 1

Franka v Velasquez, 332 SW3d 367 (Tex 2011) — 1, 2

Phillips v DeConte, 187 SW3d 669 (Tex. App- Houston
[14 Dist] 2006) — 4

## Statutes

Tex. Civ. Prac. & Rem. Code, Subsection 101.001(5) — 2
Tex. Civ. Prac. & Rem. Code, Subsection 101.106 (a) — 3
Tex. Civ. Prac. & Rem. Code, Subsection 101.106 (b) — 3
Tex. Civ. Prac. & Rem. Code, Subsection 101.106 (d) — 4
Tex. Civ. Prac. & Rem. Code, Subsection 101.106 (f) — 1, 3, 4

## Reference

Black's Law Dictionary, 10th Edition — 3
Texas Legal Guidelines, 2013-2014 — 2, 3

ORAL ARGUMENTS

APPELLANT DOES NOT REQUEST ORAL ARGUMENTS.

## Issues Presented

Appellant's Reply Brief

Appellee's have not provided proof to support their claim of legal arrest within the scope of their employment, therefore, dismissal was not proper under §101.106(e).

CAUSE NO. 04-15-00068-CV

JOHN MᶜDONOHUE                    §   IN THE TEXAS COURT OF APPEALS
APPELLANT                         §
V                                 §
                                  §
PARLA DOMINGUEZ; AND              §   FOURTH COURT OF APPEALS
KEVIN NAKATA;                     §
                                  §
APPELLEE'S - IN THEIR             §
INDIVIDUAL CAPACITIES             §   SAN ANTONIO, TEXAS

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS
2015 AUG 27 PM 1:26
KEITH E. HOTTLE, CLERK

APPELLANTS REPLY BRIEF

TO THE Honorable Court:

SUMMARY OF THE ARGUMENT

APPELLEE'S ARGUMENTS FAIL FOR LACK OF PROOF TO SUPPORT APPELLEE'S GENERAL DENIAL AND CONVERSELY, PROOF TO SUPPORT THAT APPELLEE'S CONDUCT COMPLAINED OF WAS IN THE GENERAL SCOPE OF THEIR EMPLOYMENT UNDER SUBSECTION 101.106(f), TEX. CIV. PRAC. + REM. CODE.

I.        APPELLEE'S OFFER NO PROOF TO SUPPORT THAT A LEGAL ARREST WAS MADE (A. B. 8-9), YET APPELLEE'S CONCLUDE THAT THE TRIAL COURT PROPERLY DISMISSED APPELLEE'S UNDER SUBSECTION 101.106(f), CLAIMING THAT THEIR ACTIONS WERE WITHIN THE SCOPE OF THEIR EMPLOYMENT. (A. B. 9)[1]

(CONT)

[1] "(A. B., _)" DENOTES APPELLEE'S BRIEF AND PAGE NUMBER.

(1)

In 1988 the U.S. Supreme Court held in *Westfall v Erwin*, that for a Federal Employee to be immune from suit, in a common law tort, he must show not only that he was acting within the scope of his employment, but also that he was performing a discretionary function. *Franka v Velasquez*, 332 SW 3d 367 (Tex 2011) Congress viewed this second requirement as exposing the employee to unwarranted liability (an act by an employee is not usually considered discretionary for immunity purposes.... *City of Houston v Jenkins*, 363 SW 3d 808, 811 (Tex. App - Houston [14 Dist] 2012), and quickly passed the Federal Employee's Liability Reform Act, which provided immunity to all employee's acting within the scope of their employment. *Franka @ 367*. The Texas Legislature soon followed suit in which "House Bill 4's revision of Section 101.106 achieves the same end under Texas law as the Westfall Act does under Federal law. *Id*. However, neither action eliminates the requirement of proof that the employee acted, in his/her general scope of authority, "In the furtherance of their employer's business, and for the accomplishment of the objective for which the employee was employed by the employer. *Anderson v Just Brakes*, 148 SW 3d 710 (Tex App - Austin 2004)

Arresting an individual in the course of employment for a government entity is conduct that falls within the general scope of an officers employment. (A.B. 9), Quoting *Alexander v Walker*, 435 SW 3d 789, 792 (Tex 2014), but must be in the performance of a task lawfully assigned to an employee by competent authority.

(Cont)

(2)

(A.B., 9), TEX. CIV. PRAC. & REM. CODE, SECTION 101.001(5). APPELLEE'S OFFER NO PROOF TO SUPPORT THAT THEY MADE A LEGAL ARREST; DEFINED AS "THE TAKING INTO LEGAL CUSTODY EITHER UNDER A VALID WARRANT OR ON PROBABLE CAUSE THAT THE PERSON HAS COMMITTED A CRIME. (BLACK'S LAW DICT., 10TH ED, 130). IN GENERAL, AN ARREST IS "A SEIZURE OR FORCIBLE RESTRAINT BY LEGAL AUTHORITY IN RESPONSE TO A CRIMINAL CHARGE TO APPREHEND SOMEONE FOR THE PURPOSE OF SECURING THE ADMINISTRATION OF LAW; DETENTION ACCOMPANIED BY HANDCUFFING, DRAWING GUNS OR WORDS TO THE EFFECT THAT SOMEONE IS UNDER ARREST QUALIFIES AS AN ARREST AND THUS, REQUIRES PROBABLE CAUSE. ID. AN ARREST MADE WITHOUT PROBABLE OR REASONABLE CAUSE AND CAN BE GROUNDS FOR ABUSE OF PROCESS, FALSE IMPRISONMENT OR MALICIOUS PROSECUTION. ID. APPELLANT WAS ALSO INJURED DURING THE "ARREST," BUT AGAIN, APPELLEE'S DO NOT PROVIDE EVIDENCE THAT, 1) APPELLANT WAS AN IMMEDIATE THREAT TO OFFICERS OR OTHERS, 2) APPELLANT WAS ACTIVELY RESISTING ARREST, 3) OR ATTEMPTING TO EVADE ARREST BY FLIGHT, TO SUPPORT THAT USE OF FORCE WAS NECESSARY TO EFFECT ARREST. (LEGAL GUIDELINES, 2013-2014, L6-25)

## CONCLUSION

APPELLEE'S ARGUMENTS FAIL TO PROVE ENTITLEMENT TO DISMISSAL UNDER SUBSECTION 101.106 (F) OR ANY OTHER SUBSECTION OF 101.106, ELECTION OF REMEDIES, TEX CIV. PRAC. & REM. CODE:

1. SUBSECTION 101.106 (a) — SAME SUBJECT MATTER WAS NOT ESTABLISHED SINCE NO SPECIFIC ALLEGATIONS OR CLAIMS OF LIABILITY WERE MADE

(cont)

(3)

AGAINST THE EMPLOYER

2. SUBSECTION 101.106 (b) - APPELLEE'S CANNOT ESTABLISH GOOD FAITH DUE TO THE USE OF FORCE, DENYING OFFICIAL IMMUNITY

3. SUBSECTION 101.106 (f) - APPELLEE'S EMPLOYER DID NOT FILE A MOTION TO DISMISS APPELLEE'S

4. SUBSECTION 101.106 (f) - APPELLEE'S CANNOT ESTABLISH THAT THIS LAWSUIT IS IN THEIR OFFICIAL CAPACITY ONLY. POLICE OFFICER'S ARE NOT ENTITLED TO DISMISSAL OF EXCESSIVE FORCE CLAIMS UNDER SUBSECTION 101.106 (f). PHILLIPS V DEFOWE, 187 SW 3d 669 (TEX APP-HOUSTON [14 DIST] 2006)

THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING APPELLEE'S MOTION TO DISMISS. THIS CAUSE OF ACTION SHOULD BE REMANDED FOR FURTHER PROCEEDINGS.

PRAYER

WHEREFORE, PREMISES CONSIDERED, APPELLANT RESPECTFULLY PRAYS THAT THE HONORABLE COURT UNDERSTANDS THAT APPELLANT WAS NOT LAWFULLY ARRESTED OR CHARGED WITH A CRIME, AND WILL REMAND THIS LAWSUIT FOR FURTHER ACTION.

RESPECTFULLY SUBMITTED,

JOHN M DONOHUE, pro se

DUNCAN UNIT 1895073

1502 SOUTH 1ST ST

DIBOLL, TX 75941

(CONT)                                              (4)

## Verification

I, JOHN M DONOHUE, under penalty of perjury, verify and declare that the foregoing Appellant's Reply Brief is true and correct.

Executed on this the 24th Day of August, 2015.

*[signature]*

## Certificate of Service

I certify that a true and correct copy of the foregoing Appellant's Reply Brief was sent via 1st class U.S. Mail on this the 24th Day of August, 2015, to:

1. Perla Dominguez and Kevin Nakata, c/o Mark Kosanovich, SBN 00788754, P.O. Box 831121, San Antonio, TX 78283-1121

*[signature]*, pro se